Parsons, C. J.
On the facts in this case, we are called upon to decide whether there was, or was not, a total loss of the fish, by any of the perils assigned. And it is very clear there was no actual total loss ; a small part was indeed thrown overboard as a jettison ; a moiety perished on board the vessel, either from the water taken in, or from the length of the passage ; and the remainder was sold at Gibraltar.
If there was a constructive total loss, it must have arisen either from the capture of the Spanish privateer, — which cannot be admitted, as the brig was liberated in forty-eight hours, — or from the restraint of princes, by the operation of the French decrees and British orders. The detention of the brig for repairs, until the arrival of intelligence of that decree and those orders, cannot be a total loss of the fish, for a part remained, and was afterwards sold.
[ * 321 ] * But it is said the voyage was wholly lost, as the
master abandoned it from a well-grounded fear of capture. That the abandonment of the voyage might be a prudent measure on the part-of the master, is not questioned. It is, however, our opinion, that an abandonment of a voyage, through fear of any peril insured against, is not a loss by any peril for which the assurers are answerable; there being an' essential difference between a loss and the mere fear of a loss. This point was very fully con sidered and decided in the case of Richardson & Al. vs. The Maine Fire and Marine Insurance Company, cited at the bar for the defendant.
The plaintiffs cannot, therefore, recover as for a total loss. The assurers are not answerable for any partial loss on fish, unless it arise either from the stranding or bilging of the vessel, neither of which has happened in this case. The verdict, therefore, cannot be amended, as for a partial loss. But on the facts, the plaintiffs are entitled to recover for the loss of the ten quintals of fish, which were thrown overboard to preserve the brig, and the remainder of *263 the cargo; and the verdict may be so amended, that the plaintiffs may recover this small average loss.
After this opinion was given, the general average was compromised by the parties, and they were called.