Curia, per

Richardson, J.
This case presents but one question of law : were the insured obliged to wait for the adjustment of the average loss; orto demand the contribution of the other shippers, or in any way to pursue the contributors, before demanding the total loss of their own shipment, against the insurers'] No doubt is entertained that such loss is embraced by the policy. The question is upon the condition and time of demanding it. And as little question is made, that either the insured or insurers may recover of the other shippers, their respective contributions, according to the adjustment made, and average bonds taken in this case. But each of the present parties would avoid that alternative, and put it upon the opposite side. Which has the legal right to choose] . This question is for our adjudication. f Little argument can be drawn from the conduct of the captain of the vessel. He, in case of loss, is the agent of all concerned. 2 Mass. 561. Until abandonment, in all cases, the goods saved remain the property of the insured, and he is, of course, bound, in justice, to do what he can to diminish the ultimate loss of the under-writers; (Mass. 614,) the true and unavoidable loss being all he is entitled to. But (when the loss has occurred within the policy, it becomes the loss of the under-writers: and the right to recover, vests in the insured. Both the right and liability are in virtue of the policy, Which is a contract of indemnity; and they both follow at the moment of the loss. Can, then, this right or liability be suspended by the obligation to do what may be done for the insurers, in a matter which may be done as well by themselves ] The average bond is taken in order to divide the loss. To de *160 cide whose is the loss, decides which party is obliged to pursue the contributors for his own interest and necessity. It is true, that the insured may do so/But it does not follow, that he has his immediate right to indemnity from the insurers suspended, unless he does so. Like all men who have two remedies, he may take either, at his own discretion, or even pursue both, until indemnified by one or the other. But no further. This is a general principle of the common law, and must have its influence upon all contracts which are submitted for their mere legal intendment, or constructive obligations. Again: the right of the insured to demand contribution of the other shippers, arises from his right of property in the goods lost, for the common good of all the shippers. It is independent of the policy, as in the case of jettison^ where there is no insurance, But if there be any insurance, the insurers come in for the ultimate benefit. As to the authority of decided cases, and the opinions of respectable jurists, they leave the question very open for the judgment of the Court. In New York and Massachusetts, (1 Caine’s, 212; 1 Johns. 412; 6 Mass. 318,) it has been decided in favor of the right claimed by the insured, to demand indemnity of the insurers, immediately. Chancellor Kent recognizes this as the proper rule of law. And Abbott, page 296, informs us that, in England, the average loss is commonly paid in the first instance, by the insurers. I These authori, ties have weight on the other side. In Pennsylvania, (4 Bin. 502,) the same question has been ruled in favor of the insurers. The insured, in the first instance, is to demand the contribution, and some jurists recommend this as consonant to justice, from the usual position of the insured, and the obligation to do all that can be done for the insurers. [, It could, therefore, be scarcely an error, were we to decide, from mere authority, for either party, in order to lay down the general rule which the Court has now to do. ’But looking at the strict, legal right of the insured, and to the unquestionable liability of the insurers upon the policy, as a contract of indemnification to the former, the Court does not perceive how the insured can be suspended in their right of action, by the mere qualified obligation first to demand contribution of the other shippers. This is @f- *161 ten done from self-interest, or justice to the insurers. But in many instances, the obligation to do so might be inconvenient — perplex with suits, and impede the very object aimed at by the policy of insurance — immediate reimbursement of the insured, in the value of the goods lost. ■ — In order that the voyage might not be retarded, or its fruits lost, which would be contrary to the general ends of insurance, to extend commerce and advance its success. And these are to be answered by the immediate reimbursement, promised by the insurers. I would think, therefore, that the adjustment of average loss among the different shippers, and the average bond, are to be considered as a counter indemnity to the insurers, after paying the whole loss. And that this view of their office gives the foundation of the true rule ; that the insured, are not obliged to demand paynréntof the contributors, before suing the insurers.
The motion is, therefore, dismissed.
We concur. John Belton O’Neall, Josxah J. Evans.